### 47925. MERRILL v. THE STATE.

EVANS, Judge. The defendant was indicted for the illegal possession of drugs (two counts). A motion to suppress certain evidence was filed, heard and denied. The appeal is from that judgment, but no certificate for immediate review was filed in said case. *Held:*

1. In order to review this "order," which is not final, under Code Ann. § 6-701 (a 2) (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073), the trial judge *must certify* within 10 days of entry thereof that such order is of such importance to the trial that immediate review should be had. *Alexander v. State,* 122 Ga. App. 331 (176 SE2d 633). Here, the court, in a colloquy with counsel for the defendant and the reporter, as to whether or not the transcript could be prepared in 10 days, stated: ". . . if you want to take it up, you may." This does not comply

with the law as to certificates of review. Further, before an appeal may be made, the judgment appealed from must be in writing, and not verbal. See *Freeman v. Brown,* 115 Ga. 23, 27 (41 SE 385); *Williams v. City of LaGrange,* 213 Ga. 241 (1) (98 SE2d 617).

In addition, the clerk's supplemental certificate shows that there was no order signed denying the motion to suppress the evidence.

For all of the foregoing reasons, this appeal must be dismissed.

*Appeal dismissed. Hall, P. J., and Clark, J., concur.*

ARGUED FEBRUARY 8, 1973 — DECIDED MARCH 5, 1973.

*Smith & Portman, Alex L. Zipperer, W. Lance Smith,* for appellant.

*John W. Underwood, District Attorney, Billy N. Jones,* for appellee.