S96A0202. ATLANTA GAS LIGHT COMPANY v. GEORGIA TEXTILE MANUFACTURERS ASSOCIATION, INC. et al. S96A0204. GEORGIA POWER COMPANY v. GEORGIA TEXTILE MANUFACTURERS ASSOCIATION, INC. et al. S96A0205. GEORGIA PUBLIC SERVICE COMMISSION v. GEORGIA TEXTILE MANUFACTURERS ASSOCIATION, INC. et al.

(470 SE2d 230)

BENHAM, Chief Justice.

These appeals involve the decision of the Georgia Public Service Commission ("PSC") to deny a motion for discovery made by an intervenor in a rate case pending before the PSC. After the intervenor Georgia Textile Manufacturers Association ("GTMA") appealed the PSC's decision to the Superior Court of Fulton County, Atlanta Gas Light Company ("AGL"), the utility which sought the rate increase, withdrew its rate case from the PSC's consideration. The superior court recognized that AGL had dismissed the underlying rate case, but exercised its discretionary jurisdiction to hear and decide the discovery issue which it deemed an issue capable of repetition yet evading review. The court determined the issue would evade review since a rate case must be decided within six months from notice of a proposed change and it was unlikely that a judicial appeal of a discovery motion could be completed prior to the conclusion of the administrative proceeding.

1. An appeal is moot where it affirmatively appears that a deci-

---

sion would not benefit the complaining party. *Nat. Council of Jewish Women v. Cobb County*, 247 Ga. 198, 199 (275 SE2d 315) (1981). That some future benefit may be derived by the intervenor from an adjudication on an abstract question, i.e., one which is not based upon *existing* facts or rights, does not require a court to retain and decide the case. Id. The alleged error complained of by the intervenor is capable of repetition since, contrary to the trial court's determination that rate cases must be decided within six months, OCGA § 46-2-25 (b) and (c) state only that the effective rate suspension period is six months from the date rates are filed. Because no reason appears as to why this issue would evade review in future cases, judicial review is not mandated. *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241) (1986). Accordingly, we reverse the superior court's determination to the contrary and remand with direction to the trial court to dismiss the case.

2. Because of our decision in Division 1, it is unnecessary to consider the remaining enumerations of error.

*Judgments reversed and remanded with direction. Benham, C. J., Fletcher, P. J., Sears, Hunstein, Carley, Hines, JJ., and Judge Clarence F. Seeliger concur. Thompson, J., disqualified.*

DECIDED MAY 6, 1996 —
RECONSIDERATION DENIED MAY 31, 1996.

*Long, Aldridge & Norman, Albert G. Norman, Jr., Gordon D. Giffin, L. Craig Dowdy, William E. Rice,* for Atlanta Gas Light Company.

*Troutman Sanders, Kevin C. Greene, Robert P. Williams, Susan P. Wilkerson,* for Georgia Power Company.

*Michael J. Bowers, Attorney General, Brenda H. Cole, Deputy Attorney General, John E. Hennelly, Thomas K. Bond, Assistant Attorneys General,* for Public Service Commission.

*Peyton S. Hawes,* for Georgia Textile Manufacturers Association.

