A97A0150. LOMBARD CORPORATION v. COLLINS et al.
(480 SE2d 47)

The Court of Appeals desires instruction from the Supreme Court upon the following questions, a determination of which is necessary for a decision in this case. Ga. Const. of 1983, Art. VI, Sec. V, Par. IV; Art. VI, Sec. VI, Par. III (7).

The relevant facts of this case are as follows: Appellant/plaintiff Lombard Corporation appeals from the order of the superior court granting appellees/defendants' motion to dismiss and dismissing appellant's motion for judgment on the pleadings. Suit for declaratory judgment and injunctive relief was brought against appellees Marcus E. Collins, Sr. in his official capacity as Commissioner of the Georgia Department of Revenue and Tom Scott in his official capacity as Tax Commissioner of DeKalb County, Georgia, asserting the unconstitutionality of the Georgia intangible tax (OCGA § 48-6-20 et seq.).

The intangible tax assessment at issue pertained to appellant's 1994 intangible tax bill in the amount of $56.29. The trial court in entering its order noted that "on March 21, 1996, [the Governor] signed House Bill No. 6 and House Bill No. 1101. Both bills repeal the Georgia intangible tax on personal property, effective beginning in tax year 1996. House Bill No. 6 became law upon the Governor's signature. House Bill No. 1101 becomes effective on January 1, 1997 if House Resolution 734 is passed in the November 1996 general statewide election. The passage of these bills effectively repeals the intangible tax for the present (1996) and future tax years. The parties do not challenge the effectiveness of this repeal." The trial court further found that "all of the plaintiff's intangible tax (plus accrued interest) for the 1994 tax year was paid to DeKalb County by a person who is not a party to this action. It is uncontested that this payment completely satisfied all of the plaintiff's outstanding intangible tax liability for any year prior to 1996." The trial court then held: "The repeal of Georgia's intangible tax statute relieved [appellant] from any risk of an intangible tax assessment for the present or any

future year. In addition, the payment of the 1994 tax also relieved [appellant] from any risk of future collection of intangible tax already assessed. Accordingly, the combined effect of the repeal and payment is that the [appellant] has realized all of the injunctive relief sought in this action. This action is therefore moot." The trial court next addressed appellant's contentions that jurisdiction to dispose of the suit on its merits was retained because the payment of the 1994 intangible tax had been done for the improper purpose of interfering with the trial court's jurisdiction, and concluded: "Based upon this contention the [appellant] argues that this court can retain jurisdiction and issue a declaratory judgment regarding the constitutionality of the now repealed intangible tax. This court does not agree. The [appellant] does not cite, nor is this court aware of, any authority which would support a finding that the unsolicited tax payment was improper or that this court would have the authority to exercise jurisdiction when the [appellant] has clearly realized the relief requested and is not in a position of uncertainty or insecurity requiring declaratory relief."

This appeal was transferred to this Court by order of the Supreme Court of Georgia, as it was not deemed a case within their exclusive jurisdiction because "the trial court expressly declined to rule on any constitutional issues." The sole appellate enumeration is that the trial court erred in entering an order dismissing said suit "upon the ground that the payment by an unknown third person of the unconstitutional intangible tax rendered appellant's cause of action moot."

It is settled that "[o]nce deprivation of property has occurred through payment of a substantial amount of the disputed taxes, declaratory judgment no longer is available, as at that point the rights of the parties have already accrued. A petition for declaratory judgment will not lie ' "where all rights of the parties have already accrued and where no facts or circumstances are alleged showing a necessity for adjudication in order to relieve the plaintiff from the risk of taking future undirected action, which, without such action, would jeopardize the plaintiff's interests." ' " (Citations omitted.) *Kelly v. City of Atlanta*, 217 Ga. App. 365, 367 (2) (457 SE2d 675); see *Sentry Ins. v. Majeed*, 194 Ga. App. 276 (390 SE2d 269).

Appellant contends, inter alia, that the question of court costs remains to be adjudicated thereby precluding the dismissal of this suit. In *Gober v. Colonial Pipeline Co.*, 228 Ga. 668, 670 (187 SE2d 275), it was held: "1. This court will upon its own motion dismiss an appeal where it affirmatively appears that the questions presented have become moot or that a decision would be of no benefit to the complaining party. 2. The fact that the appellants might possibly derive some future benefit from a favorable adjudication on an

abstract question, *or that a decision would settle the question of costs,* will not require this court to retain and decide the case." (Citations omitted; emphasis supplied.) Therefore, merely because the third-party interloper did not also pay court costs would not standing alone preclude the dismissal of the suit for mootness.

We further note that the purpose for the statutory provisions pertaining to declaratory judgments is "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." OCGA § 9-4-1. Thus, it has long been recognized that "[s]uch proceeding must not be merely one in which the court is called upon to decide an abstract or theoretical question of law, or to give an advisory opinion. Questions which are merely incidental to and determinative of no controversy between the parties are not the proper subject-matter of a declaratory-judgment proceeding." *Darnell v. Tate*, 206 Ga. 576, 580 (1) (58 SE2d 160).

Further, "as a general rule, a suit for injunctive relief regarding the collection of allegedly illegal taxes should not be entertained by the courts if the taxes at issue have been substantially collected and disbursed." *Kelly,* supra at 367 (2). Appellant's taxes, which are the only taxes here at issue, have been collected; payment has been made, albeit by some third-party interloper, of all intangible taxes now due and owing by appellant.

Thus, under existing precedent, this action would appear to become moot, unless there exists some exception to the rule which would preclude a third-party interloper from depriving a corporate entity of this state of a judicial adjudication of its cause of action in our courts by said third party indirectly injecting himself into the outcome of the litigation (without the apparent prior consent of the court or the party plaintiff) by paying the tax in controversy. Our examination of the law of this state discloses no controlling prior precedent. Appellees, citing *Gunby v. Yates*, 214 Ga. 17, 19 (102 SE2d 548), contend that a tax is an enforced contribution exacted pursuant to legislative authority for the purpose of raising revenue to be used for public or governmental purpose, and therefore "the State's interest is in *payment* of taxes due; the source of the payment is irrelevant." We recognize the State's legitimate interest in having a taxpayer pay the taxes he lawfully owes; we acknowledge that, as a practical matter, the State probably does not care who pays a taxpayer's tax bill as long as the taxes are paid. However, this does not resolve the issue before us. There remains the question whether this appellant, a legal corporate entity of this state, has a general right to access to our courts to obtain legal redress and whether, if such a right exists, it can be eradicated by the conduct of a third-party interloper — regardless of the motive prompting the interference of such third party. As the existing precedent provides this Court with no

definitive answer to these serious issues, the following questions are hereby certified to the Supreme Court of this state:

1. Do the provisions of Ga. Const. of 1983, Art. I, Sec. I, Par. XII, apply to a corporate entity such as appellant? If so, was appellant's constitutional right violated by the mooting of this case by reason of the payment of the taxes in question by a third party?

2. As a matter of public policy is a third party, who is not a party to a lawsuit, authorized to pay the taxes of the party plaintiff without either the trial court's or the plaintiff's consent, thereby causing the plaintiff's case to become moot?

3. Assuming arguendo the State has a legitimate interest in having a tax assessment against a specific entity paid by some intervening third party, does that interest prevail when balanced against the interest of the taxpayer to seek a judicial adjudication in the courts of this state as to the legality of the tax which has been assessed against him?

4. Additionally, does a corporate entity have a legal right to refuse a gratuitous payment of its assessed taxes by a third party who is not a party to existing litigation or who does not possess any direct interest in either the appellant corporation or the state revenue system? If so, under the facts of this case, would that interest outweigh a legitimate interest of the State, if any, to have the said tax assessment paid by a third party?

5. Is the holding of the lower court legally correct that the existing law of this state renders both the declaratory and injunctive relief actions in this case moot? If so, does the gratuitous, unsolicited payment of appellant's tax by a third-party interloper, without either the consent of appellant or the trial court, for any basis in law or equity warrant the creation of an exception to the rules rendering both the declaratory judgment and injunctive relief actions moot?

The Clerk of this Court is directed to prepare a certified copy of the foregoing questions and transmit the same, together with the record in this case, to the Supreme Court.