S98G0548. COLLINS v. LOMBARD CORPORATION et al.
S98G0553. SCOTT v. LOMBARD CORPORATION et al.
(508 SE2d 653)

BENHAM, Chief Justice.

This case began in the trial court as a constitutional challenge to OCGA § 48-6-20 et seq., Georgia's intangible personal property tax statute, but has become an appeal concerning the doctrine of mootness in Georgia law. Lombard Corporation (hereinafter "Lombard"), which had been assessed a tax of $56.29, began the action by filing suit against Collins, in his official capacity as Commissioner of the Georgia Department of Revenue, and Scott, in his official capacity as Tax Commissioner of DeKalb County. Lombard sought a declaration that the intangible personal property tax statute was unconstitutional, and a permanent injunction forbidding Collins to make any further assessments and forbidding Scott to attempt to collect the tax from Lombard. While the suit was pending, the General Assembly repealed the intangible personal property tax statute and a third party associated neither with Lombard nor with either defendant paid the taxes assessed against Lombard. The trial court, without ruling on the constitutional issue, granted the defendants' motion for dismissal of the suit as moot. An appeal by Lombard to this Court was transferred to the Court of Appeals because the constitutional issue had not been decided in the trial court. The Court of Appeals

first posed a series of certified questions[1] which this Court, by an unpublished order, declined to answer because the answers to those questions were not necessary to resolution of the appeal. The Court of Appeals then reversed the trial court's dismissal of the suit as moot, creating a "public policy exception" to the mootness doctrine, holding "that it violates public policy of this state to allow a case to be mooted by the intervention of a third-party who is not a party to the litigation, . . . that a legitimate exception exists to the usual rules of mootness under these existing circumstances, and that the suit was not rendered moot by the payment of the tax assessments by the third party." *Lombard Corp. v. Scott*, 229 Ga. App. 654 (2) (494 SE2d 538) (1997). This Court granted the writ of certiorari to review that ruling, posing to the parties this question: "Whether the Court of Appeals erred in creating a 'public policy' exception to the mootness doctrine under the facts of this case."

1. At the outset, we deem it appropriate to clarify the doctrine of mootness. In *Chastain v. Baker*, 255 Ga. 432, 433 (339 SE2d 241) (1986), this Court explained the doctrine, holding that a case is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights, and that mootness is a mandatory ground for dismissal. However, *Chastain* also held that "a case may be moot, but, because the error is capable of repetition and yet evades review, the appeal will be considered." Id. at 433. That latter holding has been referred to in case law as an "exception" to the doctrine of mootness (see, e.g., *Citizens for Ethical Government v. Gwinnett Place Assoc., L.P.*, 260 Ga. 245 (1) (392 SE2d 8) (1990); *Bowers v. Bd. of Regents &c. of Ga.*, 259 Ga. 221, fn. 1 (378 SE2d 460) (1989); *Atlanta Gas Light Co. v. Ga. Public Svc. Comm.*, 212 Ga. App. 575 (1) (442 SE2d 860) (1994)), and this Court has spoken of "discretionary jurisdiction" to consider cases where the issue is likely to recur, yet evade review. See *Atlanta Gas Light Co. v. Ga. Textile Mfrs. Assn.*, 266 Ga. 738 (470 SE2d 230) (1996).

The problem with denominating cases which present an issue capable of repetition yet evading review as moot, but subject to an exception to the mootness doctrine, is that the exception is inconsistent with the holding in *Chastain* that dismissal of moot cases is mandatory. A sound analytical approach to the doctrine of mootness, one which avoids the contradiction and which we now hold to be correct, was enunciated in *In the Interest of I. B.*, 219 Ga. App. 268 (464 SE2d 865) (1995). There, after a careful analysis of the doctrine of mootness as an element of jurisdiction, Judge Beasley (then Chief Judge Beasley) explained that the term "moot" must be narrowly con-

---

[1] *Lombard Corp. v. Collins*, 224 Ga. App. 282 (480 SE2d 47) (1997).

strued to exclude from mootness those matters in which there is "[i]ntrinsically insufficient time to obtain judicial relief for a claim common to an existing class of sufferers . . . ." Id. at 273. Since there would always be, in such cases, a live controversy, albeit no longer between the named parties, jurisdiction would not be foreclosed by the prohibition against advisory opinions. Thus, *Chastain*'s holding that a case is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights remains a correct statement of the doctrine of mootness so long as it is understood that a case which contains an issue that is capable of repetition yet evades review is not moot because a decision in such a case would be based on existing facts or rights which affect, if not the immediate parties, "an existing class of sufferers." *In the Interest of I. B.*, supra at 273.

2. Applying the doctrine of mootness as explained above to this case yields a result of mootness. While the issue between the parties, Lombard's liability for a specific tax assessment, ceased to be a live controversy when the tax was paid, the underlying issue raised by the suit was the constitutionality of the statute. If that underlying issue were to recur, it would not necessarily evade review: the expectation that someone would pay the taxes in another suit is too speculative to rescue the constitutional issue from mootness (see *In the Interest of I. B.*, supra); and the underlying issue in this case could be raised in a suit for a refund, an action not susceptible of the third-party involvement in this case.[2] Thus, under this State's existing law, there is nothing about this case that prevents it from being moot.

3. The remaining question is whether the "public policy exception" to the mootness doctrine created in this case by the Court of Appeals is valid. We conclude that it is not, for two reasons. First, the concern expressed by the Court of Appeals, that citizens of this State might be denied their access to the courts by the action of wealthy individuals who will "buy-out" lawsuits to prevent the consideration of certain issues, does not stand up to analysis under the doctrine of mootness as explained in the first division of this opinion: the issue of the constitutionality of the tax statute is one which does not evade review because it can be brought up by anyone who claims a right to a refund; indeed, that claim could have been kept in this case so as to force a decision on constitutionality. Second, the notion of an exception to the mootness doctrine which would permit a court to consider a case notwithstanding that the case is moot is inconsistent with the concept of mootness as a jurisdictional matter. If the case were moot, public policy alone would not be sufficient to bestow jurisdiction over

---

[2] Lombard expressly abandoned its claim for refund in the trial court.

it. Because the creation of ad hoc exceptions for individual cases is unnecessary and undesirable in that they foster uncertainty in the law and inappropriately serve to expand the jurisdiction of the court applying such exceptions, we cannot approve of them. We hold, therefore, that the Court of Appeals erred in creating the "public policy exception" to the mootness doctrine on which it based its decision in this case.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 9, 1998.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Harold D. Melton, Senior Assistant Attorney General, Stefan E. Ritter, Assistant Attorney General,* for appellant (case no. S98G0548).

*Jonathan A. Weintraub, Joan F. Roach, Kathleen A. Wasch,* for appellant (case no. S98G0553).

*Marvin P. Nodvin,* for appellees.