## S06A1240. THE STATE v. MORRELL.
### (635 SE2d 716)

SEARS, Chief Justice.

This appeal presents the question whether, in a criminal case, the State has the right to appeal from an oral order suppressing a statement given by the defendant to the police. For the reasons that follow, we conclude that the State may appeal an oral order only under certain exceptional circumstances. Because those circumstances are not present in this case and because the appellee, Kenneth Morrell, has been acquitted by a jury, we dismiss the State's appeal.[1]

1. The day before Morrell's trial for murder was scheduled to begin, the trial court orally granted Morrell's motion to suppress a statement he made to the police. The trial court, however, did not reduce the order to writing, and the transcript shows that the State did not request that the trial court do so. Although the State filed a notice of appeal from the oral ruling, the court proceeded with the trial over the State's objection that it desired to appeal the oral order.[2] Following the trial, a jury acquitted Morrell of murder. The State filed another notice of appeal from the judgment of acquittal, and the appeal from both notices of appeal is currently before this Court.

2. It is undisputed that the State has a right to appeal from an order granting a motion to suppress a defendant's statement.[3] However, it has been the rule of this State that an order is not appealable unless it is in writing.[4] The circumstances of the present case, however, compel us to recognize that the foregoing rule cannot be absolute.

---

[1] Although Morrell has died while this appeal was pending, the case is not moot, as the issue involved is capable of repetition yet evading review. *Adams v. State,* 269 Ga. 405 (498 SE2d 268) (1998); *Chastain v. Baker,* 255 Ga. 432, 433-434 (339 SE2d 241) (1986).

[2] The State filed a notice of appeal from the oral ruling.

[3] OCGA § 5-7-1 (a) (4); *State v. Nash,* 279 Ga. 646, 648 (619 SE2d 684) (2005).

[4] *Titelman v. Stedman,* 277 Ga. 460, 461-462 (591 SE2d 774) (2003); *Georgia Television v.*

The legislature enacted OCGA § 5-7-1 and granted the State the right to an immediate appeal of suppression orders "so that an error committed by a trial judge, which otherwise might work a miscarriage of justice, can be corrected on appeal, and before attachment of jeopardy."[5] Given that the State cannot appeal after an acquittal and thus can never seek to rectify an incorrect suppression order if a defendant is acquitted, a trial court's refusal to put an order suppressing evidence into writing defeats the heart of the legislature's intent of granting the State a limited right of appeal and has the potential to exact grave injustices. In order to effectuate the legislative intent expressed in OCGA § 5-7-1, we conclude that the State must have a right of appeal when a trial court orally grants a motion to suppress evidence yet refuses to put that order in writing.[6] However, to ensure that our general rule requiring appealable orders to be in writing is bypassed only when absolutely necessary, we find that the State has the right to appeal oral orders only when the transcript affirmatively shows that the State requested the trial court to put the oral order in written form and that the trial court refused to do so.

In the present case, the transcript does not reflect that the State asked the trial court to put the order in question in writing and thus obviously does not reflect that the trial court refused to do so. Under these circumstances, the State did not have a right to appeal from the oral order, and, as the State did not have a right to appeal from the judgment of acquittal, the State's appeal must be dismissed.

3. Although the trial court failed to put its oral order in writing, we note that the trial court had a duty to do so,[7] and that the court wholly failed to comply with this duty. Because the trial court had the duty to put the order in writing, the State could have filed a mandamus petition seeking to require the court to do so.[8] The State, however, did not seek mandamus relief.

*Appeal dismissed. All the Justices concur.*

---

*Castellani*, 257 Ga. 549 (361 SE2d 381) (1987); *Crowell v. State*, 234 Ga. 313 (215 SE2d 685) (1975); *Merrill v. State*, 128 Ga. App. 403, 403-404 (196 SE2d 876) (1973). Contrary to the State's contention, *State v. Vansant*, 208 Ga. App. 772, 776 (431 SE2d 708) (1993), affirmed in part and reversed in part by *Vansant v. State*, 264 Ga. 319 (443 SE2d 474) (1994), is not contrary to the foregoing cases, as *Vansant* did not address the issue of whether an oral order is appealable.

[5] *State v. Strickman*, 253 Ga. 287, 288 (319 SE2d 864) (1984).

[6] See *United States v. Presser*, 844 F2d 1275, 1280 (6th Cir. 1988) (permitting the government to appeal an oral order suppressing the use of evidence under 18 USC § 3731, which grants the federal government a limited right of appeal similar to that granted the State in OCGA § 5-7-1; the court was "troubled by the district court's refusal to enter a written order" and stated that the district court should not have the right to defeat the government's right of appeal, id., n. 6).

[7] *Titelman*, 277 Ga. at 461-462.

[8] Id.

154

CARLEY, Justice, concurring.

In footnote 1 of its opinion, the majority states that "[a]lthough Morrell has died while this appeal was pending, the case is not moot, as the issue involved is capable of repetition yet evading review. [Cits.]" However, the majority does not further explain its conclusion that this case is not moot. I agree that this appeal has not been mooted by Morrell's death, and write separately to set forth in more detail the reason why.

As a general rule, the death of a criminal defendant during the pendency of his appeal renders the case moot. *Dorsey v. State*, 272 Ga. 283 (528 SE2d 257) (2000). However, the State, rather than Morrell, is the appellant in this case. An appeal is not considered moot if the alleged error is capable of being repeated in future cases, but is not likely to be the subject of appellate review when that occurs. See *Collins v. Lombard Corp.*, 270 Ga. 120, 121 (1) (508 SE2d 653) (1998). Accordingly, the State's appeal is not subject to dismissal for mootness if the trial court's alleged error could be repeated in subsequent criminal cases, and yet evade appellate review at that future time. See *Collins v. Lombard Corp.*, supra at 122 (2); *Chastain v. Baker*, 255 Ga. 432, 433-434 (339 SE2d 241) (1986).

As the majority notes, the issue here is whether the State has the right to appeal from the oral grant of a motion to suppress. That issue can recur in any future criminal case in which the trial court does not reduce its suppression order to writing. Therefore, the decisive factor in the determination of the mootness of this appeal is whether the issue of the appealability of the oral grant of a motion to suppress is likely to evade future appellate review.

If the defendant is convicted, he cannot, and would not if he could, enumerate as error the grant of his own motion to suppress, and the State does not have a right to cross appeal from such a ruling. See *Titelman v. Stedman*, 277 Ga. 460 (591 SE2d 774) (2003). As the majority correctly notes, when the defendant is acquitted, the State likewise has no right to appeal. *City of Atlanta v. McCary*, 245 Ga. 582 (266 SE2d 193) (1980). Therefore, even though the issue of the appealability of an oral order granting a criminal defendant's motion to suppress is likely to recur in the future, that issue will evade appellate review regardless of the final outcome of the proceeding. Therefore, Morrell's death did not cause this appeal to be moot. However, the case nevertheless must be dismissed for the same reason that the issue is not moot. The State has no right to appeal when the defendant has been acquitted. *City of Atlanta v. McCary*, supra.

Accordingly, today's opinion should not be read as approving a broad exception to the general rule that the death of the criminal defendant renders a pending appeal moot. This appeal is not moot

because, notwithstanding Morrell's death, it comes within the previously recognized principle "that a case which contains an issue that is capable of repetition yet evades review is not moot . . . ." *Collins v. Lombard Corp.*, supra at 122 (1).

DECIDED OCTOBER 2, 2006 —
RECONSIDERATION DENIED OCTOBER 30, 2006.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellant.
*Carl P. Greenberg, Kazuma Sonoda, Jr.,* for appellee.