# Court of Appeals
# of the State of Georgia

ATLANTA,  September 24, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0078. WILLIAM JOEL JAMISON v. THE STATE.**

In 1995, a jury found William Joel Jamison guilty of burglary, and Jamison filed a motion for new trial. From the record, it appears the trial court never ruled on the motion for new trial. However, on August 13, 1997, Jamison filed a notice of appeal purportedly from the denial of his motion for new trial. In any event, the appeal was not transmitted.

In 2015, the State filed a motion to dismiss the appeal and suggestion of death, asserting that Jamison died in 2009.[1] Rather than dismissing the appeal, the trial court entered an order reserving ruling on the motion in order to permit the State to file a death certificate. The lower court clerk then transmitted the appeal based upon the 1997 notice of appeal. We, however, lack jurisdiction.

Because the record contains no order disposing of Jamison's motion for new trial, the motion remains pending in the trial court. Accordingly, any appeal at this juncture must come by way of an interlocutory application. See OCGA § 5-6-34 (b); see also *Hann v. State*, 292 Ga. App. 719, 720 (1) (665 SE2d 731) (2008) (while a motion for new trial is pending, appeals must comply with the interlocutory appeal requirements). For this reason, this appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  09/24/2015
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.

---

[1] "As a general rule, the death of a criminal defendant during the pendency of his appeal renders the case moot." *State v. Morrell*, 281 Ga. 152, 154 (635 SE2d 716) (2006).