# Court of Appeals
# of the State of Georgia

ATLANTA,  October 20, 2016

*The Court of Appeals hereby passes the following order:*

**A16A0879.  Zin Lenox Square, LLC et al. v. Council Wooten & Associates, LLC.**

Council Wooten & Associates, LLC ("CWA") sued Zin Lenox Square, LLC and its surety, First Indemnity of America Insurance Company, (collectively, "the defendants") for judgment on a bond filed to release a materialman's lien.  The trial court granted summary judgment to CWA, and the defendants filed this appeal. The defendants have now informed us, however, that CWA dismissed its underlying complaint on October 3, 2016.

Given these circumstances, the issue before us – whether the trial court properly granted summary judgment to CWA – is moot, requiring dismissal of this appeal.[1]  As we have explained, "[a] case is moot if its resolution would amount to a determination of an abstract question that does not arise upon existing facts or rights."[2] No case or actual dispute remains pending below for resolution. Moreover, "there is no justiciable controversy for us to review."[3]

Trying to avoid dismissal, First Indemnity argues that it would have a claim against CWA for abusive litigation if we reverse the trial court's judgment. It contends, therefore, that the issues "are not fully resolved." But we cannot render "a

---

[1]*Board of Natural Resources v. Duke Energy Sandersville*, 257 Ga. App. 815, 816 (572 SE2d 356) (2002) ("Mootness is a mandatory ground for dismissal of a case.") (footnote omitted).

[2] Id. at 815-816.

[3] Id. at 816.

hypothetical or advisory opinion."[4] And despite First Indemnity's claim to the contrary, this business dispute is not the type of case that "is capable of repetition yet evades review."[5] Accordingly, because the question presented by this appeal has become moot, we hereby DISMISS the appeal.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*___10/20/2016___
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*

---

[4] *Mack v. Georgia Auto Pawn*, 262 Ga. App. 277, 280 (2) (585 SE2d 661) (2003).

[5] See *Collins v. Lombard Corp.*, 270 Ga. 120, 122 (1) (508 SE2d 653) (1998) ("[A] case which contains an issue that is capable of repetition yet evades review is not moot because a decision in such a case would be based on existing facts or rights which affect, if not the immediate parties, 'an existing class of sufferers.'") (citation omitted).