**SECOND DIVISION
RICKMAN, C. J.,
MILLER, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**June 28, 2022**

# In the Court of Appeals of Georgia

A22A0277. PATEL v. DUKE HOSPITALITY, LLC. et al.

RICKMAN, Chief Judge.

After he was removed from his position as an officer of Duke Hospitality, LLC, Dhansukh T. Patel filed a lawsuit against Duke and its Vice President and managing member, Joseph Tyler Collum, alleging that Collum, on Duke's behalf, unlawfully accessed his personal email account and took and/or deleted data from that account. The trial court granted summary judgment in favor of Duke and Collum on all claims. Because the record evidence establishes that disputed issues of fact remain that are material to the resolution of Patel's claims, we reverse.

Summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law[.]" OCGA § 9-11-56 (c).

> Summary judgments enjoy no presumption of correctness on appeal, and an appellate court must satisfy itself de novo that the requirements of OCGA § 9-11-56 (c) have been met. In our de novo review of the grant or denial of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant.

(Citation and punctuation omitted.) *JPMorgan Chase Bank, N.A. v. Cronan*, 355 Ga. App. 556, 558-559 (845 SE2d 298) (2020).

So construed, the evidence shows that Patel founded and was an officer and minority owner of Duke, a hotel management company. Duke managed certain hotels of which Patel was an owner and/or investor. Patel alleges that the majority owners, which included Collum and two of Collum's relatives, orchestrated a fraudulent merger and on May 21, 2020, forcefully removed him from his position as an officer of Duke.

Collum used Patel's work computer to gain access to his email accounts. Although Collum asserts that he did so for the purpose of suspending Patel's work email account after he was removed, Patel presented evidence that Collum did so

2

while he was still an officer of Duke and before he had been removed. Regardless, while using Patel's computer, Collum gained access to both Patel's work and personal email accounts, which could be viewed simultaneously.

While viewing both of Patel's email accounts, Collum discovered that Patel had sent several emails with attached telephone recordings from his work account to his personal account. Collum listened to those recordings and contends that they were work-related conversations between Patel and himself and other Duke members. Collum also discovered that Patel had sent the telephone recordings to a third-party who was not employed by Duke.

Collum forwarded the emails that had been sent to the third-party with the attached recordings to himself, then deleted evidence that he had done so from Patel's "Sent" file. He then changed Patel's login credentials to both his work and his personal email accounts so that Patel could not longer gain access to either. Patel lost access to his personal email account from May 21, 2020 until June 9, 2020.

Patel subsequently filed the instant action against Duke and Collum, alleging various violations of the Georgia Computer Systems Protection Act ("GCSPA"),[1]

---

[1] See OCGA § 16-9-90 et seq.

3

including computer theft,[2] computer trespass,[3] computer invasion of privacy,[4] and

---

[2] "Any person who uses a computer or computer network with knowledge that such use is without authority and with the intention of: (1) Taking or appropriating any property of another, whether or not with the intention of depriving the owner of possession; (2) Obtaining property by any deceitful means or artful practice; or (3) Converting property to such person's use in violation of an agreement or other known legal obligation to make a specified application or disposition of such property shall be guilty of the crime of computer theft." OCGA § 16-9-93 (a).

[3] "Any person who uses a computer or computer network with knowledge that such use is without authority and with the intention of: (1) Deleting or in any way removing, either temporarily or permanently, any computer program or data from a computer or computer network; (2) Obstructing, interrupting, or in any way interfering with the use of a computer program or data; or (3) Altering, damaging, or in any way causing the malfunction of a computer, computer network, or computer program, regardless of how long the alteration, damage, or malfunction persists shall be guilty of the crime of computer trespass." OCGA § 16-9-93 (b).

[4] "Any person who uses a computer or computer network with the intention of examining any employment, medical, salary, credit, or any other financial or personal data relating to any other person with knowledge that such examination is without authority shall be guilty of the crime of computer invasion of privacy." OCGA § 16-9-93 (c).

computer forgery[5]; invasion of privacy; and conversion.[6] The lawsuit sought monetary damages, civil penalties,[7] injunctive relief, and attorney fees and costs.

Duke and Collum filed a motion for summary judgment, asserting that they were entitled to judgment as a matter of law. Specifically, they contended that summary judgment was proper on Patel's claims for computer crimes and invasion of privacy because Patel's receipt of Duke's Employee Handbook authorized them to access his email accounts and waived any expectation of privacy in his computer or its contents; Patel's claim for conversion failed as a matter of law because they

---

[5] "Any person who creates, alters, or deletes any data contained in any computer or computer network, who, if such person had created, altered, or deleted a tangible document or instrument would have committed forgery under Article 1 of this chapter, shall be guilty of the crime of computer forgery. The absence of a tangible writing directly created or altered by the offender shall not be a defense to the crime of computer forgery if a creation, alteration, or deletion of data was involved in lieu of a tangible document or instrument." OCGA § 16-9-93 (d).

[6] "In order to establish a claim for conversion, the complaining party must show (1) title to the property or the right of possession, (2) actual possession in the other party, (3) demand for return of the property, and (4) refusal by the other party to return the property." (Citation and punctuation omitted.) *Trey Inman & Assoc., P.C. v. Bank of America, N.A.*, 306 Ga. App. 451, 457 (4) (702 SE2d 711) (2010); see OCGA § 51-10-1.

[7] "Any person whose property or person is injured by reason of a violation of any provision of this article may sue therefor and recover for any damages sustained and the costs of suit." OCGA § 16-9-93 (g) (1).

5

returned Patel's access to his email account; and that his claim for injunctive relief was moot because Patel's email account remained intact and they no longer had access to it. The trial court granted the motion.

Patel appeals, contending that disputed issues of material fact remain as to each of his claims, rendering summary judgment improper. We agree and reverse.[8]

*Claims for violations of the GCSPA and Invasion of Privacy*. In its order granting summary judgment in favor of Duke and Collum on Patel's civil claims for violations of the GCSPA and invasion of privacy, the trial court relied exclusively on Duke's Employee Handbook, which expressly authorized Duke to access the email systems and communications within those systems of its employees, and provided that its employees had no legitimate expectation of privacy in those systems. In its summary judgment order, the trial court stated as a matter of fact that "Patel acknowledged receipt of his personal copy of Defendant Duke's Employee Handbook[.]"

Nevertheless, in opposition to the summary judgment motion, Patel filed an affidavit in which he expressly denied having received and/or acknowledged receipt

---

[8] In this opinion, we address only the grounds on which Duke and Collum moved for summary judgment and the basis on which the trial court granted the motion. We otherwise make no statement as to the viability of Patel's claims.

6

of the Employee Handbook, and claimed that the electronic signature on the acknowledgment of receipt page submitted by Duke and Collum was a forgery. Patel further presented evidence that the electronically-signed acknowledgment page was dated in 2014, but that the Employee Handbook to which it was purportedly attached was created in 2017.

This evidence was sufficient to create a genuine issue of material fact as to whether Patel received the Employee Handbook, and whether it effectively authorized Duke and Collum to access Patel's personal email account and waived Patel's right to privacy in that account.[9] Accordingly, the trial court's grant of summary judgment on these claims was not supported by the record evidence. See OCGA § 9-11-56 (c).

*Conversion*. With respect to Patel's claim for conversion, the trial court recognized that "refusal by the other party to return the property" is an essential

---

[9] Duke and Collum argue that we can nevertheless affirm the grant of summary judgment in their favor because an essential element of Patel's claims for computer theft, computer trespass, and computer invasion, see OCGA § 16-9-93 (a) - (c), require that Collum used Patel's computer "with knowledge that such use [was] without authority," and Collum believed that Duke's Employee Handbook gave him such authority. In light of Patel's allegations that he did not receive the Employee Handbook and that the electronically-signed document indicating otherwise was fraudulent, the question of Collum's knowledge with respect to his authority to access Patel's computer and personal email account is not proper for summary adjudication. See generally *Stargate Software Intl. Inc. v. Rumph*, 224 Ga. App. 873, 879 (6) (482 SE2d 498) (1997).

element of conversion, see *Trey Inman & Assoc.,* 306 Ga. App. at 457 (4), and then granted summary judgment after concluding that "it is now undisputed that Duke and Collum 'returned' Patel's access to his personal email account."

The record shows that Patel disputes that full access to his email account was restored. He alleges that he remains unable to determine the number of messages that Collum deleted and/or forwarded without his authority due to the deleted "Sent" files, and that he learned through discovery that Collum had deleted more emails than he had previously admitted. Patel also alleges that he suffered damage to his business relationships and investments during the period of time that he was denied access to his personal email account.

Under these circumstances, we cannot say that Patel's claim for conversion fails as a matter of law on the grounds raised and ruled on by the trial court. See OCGA § 9-11-56 (c).

*Injunctive Relief.* Finally, with respect to Patel's claim for injunctive relief, the trial court determined that his claim was moot. In his complaint, Patel sought an order enjoining Duke and Collum from "maintaining possession, control, access, or custody to [his personal email account] . . . and any of its contents, and further ordering and directing them to restore the contents of such email account . . . and not retain copies

8

of any information contained therein . . ." The trial court's finding of mootness was based upon its determination that the record was "undisputed" that Duke and Collum never "deleted, altered or destroyed Patel's personal email account or its contents" and that Duke and Collum "no longer have access" to it.

But again, Patel contends that Collum did delete certain files from his personal email account, and asserts that the extent to which Collum did so remains unknown. Moreover, Patel also sought an order enjoining Duke and Collum from retaining copies of the information taken from his computer, and there is no record evidence to suggest that they no longer retain that information. Thus, the trial court erred by holding that Patel's claim for injunctive relief was moot. See *Collins v. Lombard Corp*., 270 Ga. 120, 121 (1) (508 SE2d 653) (1998) ("[A] case is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights.").

Summary judgment is proper only when there exists no disputed issue as to any material fact, and our standard of review requires us to construe all of the evidence and any inferences and conclusions arising therefrom in favor of Patel. See OCGA § 9-11-56 (c); *JPMorgan Chase Bank,* 355 Ga. App. at 558-559. The trial court erred

to the extent that it construed the record in favor of Duke and Collum and otherwise granted summary judgment based upon material facts that are in dispute.

*Judgment reversed. Miller, P. J., and Pipkin, J., concur.*