A03A0192. PROVIDENT BANK v. MOREQUITY, INC.
A03A0193. MOREQUITY, INC. v. RESIDENTIAL FUNDING GROUP, INC. et al.
(585 SE2d 625)

MILLER, Judge.

The Provident Bank sued MorEquity, Inc. to recover certain loan documents, including a promissory note showing indebtedness on a mortgage, and to recover payments made to MorEquity under the note. MorEquity cross-claimed against Residential Funding Group, Inc., from whom it had purchased the mortgage, and its CEO Frank Stokes. Both Provident and MorEquity moved for summary judgment. The trial court granted MorEquity's motion and denied Provident's motion, and dismissed MorEquity's cross-claim as moot in light of its ruling. As the evidence reveals that Provident's security interest in the note prevails over any claim that MorEquity may have had to the note, we reverse. We also reverse the dismissal of MorEquity's claim against Residential and Stokes.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When

reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

The evidence showed that Residential and Provident entered into a "WAREHOUSE LOAN AND SECURITY AGREEMENT." Under the agreement, Residential would present proposed mortgage loans to Provident for which Provident would advance funds to Residential to purchase the loans. Provident maintained a security interest in the mortgage loans it funded, including the mortgage notes, and a security interest in all of Residential's rights in connection with such mortgage loans. In August 1999, with funds provided by Provident, Residential funded a particular mortgage secured by a note, and signed an assignment of the security deed on the property (although it appears that the assignment was not recorded).

Residential and MorEquity subsequently entered into an "ORIGINATION AND SALE AGREEMENT" whereby Residential would periodically sell mortgage loans to MorEquity. Residential guaranteed that it was the sole owner of the loans free and clear of all claims. On December 7, 1999, MorEquity purchased the August 1999 loan from Residential and delivered payment to Residential in the amount of $427,056.65. On December 8, 1999, Provident mailed to MorEquity the original promissory note along with a "Payoff and Bailment Letter to Third Party Investor" requesting payment for the note or the return of the note to Provident within 15 days. Since MorEquity had already paid Residential, it refused to pay Provident, prompting the filing of Provident's complaint.

Provident sued MorEquity for the return of the promissory note and sued Residential for breach of contract. However, Provident voluntarily dismissed without prejudice its claims against Residential, as Residential had gone out of business. Both Provident and MorEquity moved for summary judgment. The trial court denied Provident's motion and granted MorEquity's motion, ruling that MorEquity held the note free and clear of any interest of Provident. The court also dismissed as moot MorEquity's cross-claim against Residential and Frank Stokes. We reverse, holding that MorEquity was not a holder in due course, and therefore could not take the note free and clear of Provident's claim, despite MorEquity's payment to Residential.

1. In Case No. A03A0192, Provident appeals from the trial court's denial of its motion for summary judgment and the grant of summary judgment to MorEquity.

Provident argues that it provided the note conditionally to MorEquity under cover of a bailment letter, and that it maintained a perfected security interest in the note. Provident further argues that

MorEquity could not be a holder of the note because the note was not negotiated. MorEquity argues that Provident authorized Residential to sell the note to MorEquity free of Provident's alleged security interest.

The issue on appeal is whether MorEquity or Provident has the prevailing security interest in the note. The Uniform Commercial Code (UCC) governs the priority of security interests in negotiable instruments. Without question, the note here is a negotiable instrument as defined in OCGA § 11-3-104 (a) and (e). Although under the UCC a security interest may be perfected (see generally former OCGA § 11-9-303), nothing in the Code "limits the rights of a holder in due course of a negotiable instrument . . . and such holders or purchasers take priority over an earlier security interest even though perfected." Former OCGA § 11-9-309. Thus, MorEquity could take the note free and clear of Provident's interest if MorEquity was a holder in due course. See OCGA § 11-3-306.

OCGA § 11-3-302 (a) (2) provides in part that a holder in due course is a holder who takes the instrument for value, in good faith, and without notice of any claim to the instrument. See also *Gen. Elec. Credit Corp. v. Smith*, 183 Ga. App. 897, 900 (1) (360 SE2d 443) (1987). Although MorEquity, in good faith and for value, purchased what it believed was the mortgage and underlying note, MorEquity was not in possession of the note at the time it purchased the mortgage. See former OCGA § 11-1-201 (20) (a holder is one who is in possession of the instrument "drawn, issued, or indorsed to him or to his order or to bearer or in blank"); see also *James Talcott, Inc. v. Allahabad Bank*, 444 F2d 451, 458 (I) (C) (5th Cir. 1971). When MorEquity received the original note along with the bailment letter, it still failed to achieve holder-in-due-course status, because by the time it obtained possession of the note from Provident, it was on notice of Provident's claim to the note. See OCGA § 11-3-302 (a) (2) (v).

MorEquity argues that former OCGA § 11-9-306 (2) applies here to effectively eliminate Provident's security interest. That Code section provides that "[e]xcept where this article otherwise provides, a security interest continues in collateral notwithstanding sale, exchange, or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor." MorEquity's argument fails, however, as Provident only authorized the disposition of the mortgage loan subject to its continued security interest. See *In re Cohutta Mills, Inc.*, 108 BR 815, 818-819 (1) (N.D. Ga. 1989) (interpreting former OCGA § 11-9-306 (2), court held that a security interest does not terminate upon disposition of the collateral when the secured party unambiguously authorizes such disposition subject to its security

interest); *In the Matter of Franchise Systems*, 46 BR 158, 162 (II) (A) (N.D. Ga. 1985) (perfected security interest not terminated when party consented to sale of collateral subject to its security interest).

As MorEquity was not a holder in due course, and it is undisputed that Provident maintained a security interest in the note per the warehouse agreement, MorEquity could not take priority over Provident's earlier security interest in the note. Additionally, MorEquity could not take possession of the note free and clear of Provident's security interest after the sale of the loan by Residential to MorEquity, as Provident only authorized such sale subject to its continued security interest. Therefore, we reverse the grant of summary judgment to MorEquity, and reverse the denial of summary judgment to Provident.

2. In Case No. A03A0193, MorEquity appeals from the trial court's dismissal of its cross-claim against Residential and Stokes. In light of our holding in Division 1, we reverse the court's dismissal of MorEquity's cross-claim, as such claim is no longer moot.

*Judgments reversed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JUNE 13, 2003 —
RECONSIDERATION DENIED JULY 15, 2003 — ▮▮▮▮▮▮▮▮

*Lefkoff, Duncan, Grimes & Miller, John R. Grimes, Bondurant, Mixson & Elmore, Jill A. Pryor, Neeli Ben-David*, for Provident Bank.

*Morris, Manning & Martin, Lewis E. Hassett, Robert W. Hoskyn*, for MorEquity, Inc.

*Temple, Strickland, Dinges & Schwartz, William D. Strickland, Barry L. Zimmerman*, for Residential Funding Group, Inc. et al.

