## A04A1763. BABB v. PUTNAM COUNTY.

(605 SE2d 33)

BLACKBURN, Presiding Judge.

After being enjoined from keeping a camper and operating a nonapproved sewage system on his property abutting Lake Sinclair pursuant to Putnam County zoning ordinances, George F. Babb, Jr. appeals, contending, among other things, that the trial court erred by: (1) concluding that the use of his land violated such ordinances; (2) failing to afford him adequate notice and an opportunity to be heard; and (3) making improper findings of fact and conclusions of law. As this matter has now become moot, we must dismiss this appeal.

The record shows that Putnam County filed suit against Babb seeking to enjoin him from keeping a camper on his property and from using a certain nonconforming sewage system. Putnam County contended that these uses violated certain county ordinances applicable to the property. After hearing the matter, on March 1, 2004, the trial court granted Putnam County's request for an injunction and ordered Babb to remove his camper and cease use of the sewage system. On that same date, the trial court denied Babb's request for supersedeas, a ruling which Babb did not appeal. Thereafter, Babb complied with the injunction, removing the camper and ceasing use of the sewage system by at least April 7, 2004.

> It is a rather fundamental rule of both equitable jurisprudence and appellate procedure, that if the thing sought to be enjoined in fact takes place, the grant or denial of the injunction becomes moot. To prevent such an appeal from becoming moot the appealing party must obtain a supersedeas. *Board of Commrs. of Richmond County v. Cooper.*[1] See also OCGA § 9-11-62 (a) (unless otherwise ordered by the court, final judgment in an action for an injunction shall not be stayed during pendency of an appeal). Accord *Citizens to Save Paulding County v. City of Atlanta;*[2] *Padgett v. Cowart.*[3]

*Jackson v. Bibb County School Dist.*[4]

As Babb has now complied with the injunction and he did not obtain a grant of supersedeas, this appeal has been rendered moot. Id. As such, we are required to dismiss this appeal.

*Appeal dismissed. Barnes and Mikell, JJ., concur.*

---

[1] *Bd. of Commrs. of Richmond County v. Cooper*, 259 Ga. 785 (387 SE2d 138) (1990).

[2] *Citizens to Save Paulding County v. City of Atlanta*, 236 Ga. 125 (223 SE2d 101) (1976).

[3] *Padgett v. Cowart*, 232 Ga. 633 (208 SE2d 455) (1974).

[4] *Jackson v. Bibb County School Dist.*, 271 Ga. 18, 19 (515 SE2d 151) (1999).

DECIDED AUGUST 9, 2004 —
RECONSIDERATION DENIED SEPTEMBER 2, 2004.

*Adams & Ford, Francis N. Ford,* for appellant.
*Christopher D. Huskins, Donald W. Huskins,* for appellee.