S08A0557. CITY OF COMER v. SEYMOUR.
(661 SE2d 539)

BENHAM, Justice.

Timothy Scott Seymour owned a home and an adjacent barn in an area zoned by the City of Comer ("Comer") as residential. Seymour decided to operate a haunted house on the property in October 2007 to raise money for charity. On September 4, 2007, Seymour approached members of Comer's city council informally about operating the haunted house and, based on that contact, believed there was no objection to the haunted house and no need for a zoning permit. The event was scheduled to occur on October 19, 20, 26, 27, and 31, 2007. On October 19, 2007, Comer moved for a temporary restraining order and injunction to enjoin Seymour from operating the haunted house, citing a violation of Comer's 1999 zoning code which prohibited "special events" from being held in areas zoned as residential. The temporary restraining order was denied and Seymour operated the haunted house as planned on October 19 and 20, 2007. On October 25, 2007, a day before the haunted house was scheduled to operate for a second weekend, a final hearing was held and both sides presented

---

[14] Id.
[15] USCR 25.1; *Turner v. State*, 280 Ga. 174, 175 (626 SE2d 86) (2006).

witnesses and documentary evidence. At the conclusion of the hearing, the trial court denied Comer injunctive relief. The last day Seymour operated the haunted house was October 31, 2007. Although Comer requests that this Court consider the merits and reverse the trial court's order denying injunctive relief, we must dismiss the appeal as moot.

"[A] case is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights. . . ." *Collins v. Lombard Corp.*, 270 Ga. 120, 121 (1) (508 SE2d 653) (1998). See also *Randolph County v. Johnson*, 282 Ga. 160 (1) (646 SE2d 261) (2007) ("An appeal becomes moot if the rights insisted upon could not be enforced by a judicial determination."). When the act that is the subject of a grant or denial of injunctive relief is completed, then the matter is moot and no longer subject to appeal. *Brown v. Spann*, 271 Ga. 495 (520 SE2d 909) (1999) (appeal dismissed where injunctive relief sought by appellants could not be granted); *Turpen v. Rabun County Bd. of Commrs.*, 245 Ga. App. 190 (1) (537 SE2d 435) (2000) (where sale that was sought to be enjoined was completed, the question of injunctive relief was moot); *Babb v. Putnam County*, 269 Ga. App. 431 (605 SE2d 33) (2004) ("It is a rather fundamental rule of both equitable jurisprudence and appellate procedure, that if the thing sought to be enjoined in fact takes place, the grant or denial of the injunction becomes moot.").

Comer sought to enjoin the operation of Seymour's haunted house in a residential zone and was denied. Seymour last operated the haunted house on October 31, 2007. Therefore, the activity sought to be enjoined has already ceased. Any determination this Court would make regarding the trial court's denial of the injunction would be an abstract exercise unrelated to any existing facts. *Collins v. Lombard Corp.*, supra, 270 Ga. at 121. Because the matter is moot,[1] the appeal is dismissed. OCGA § 5-6-48 (b) ("Where the questions presented have become moot" the appeal "shall be dismissed").

*Appeal dismissed. All the Justices concur, except Carley and Melton, JJ., who dissent.*

MELTON, Justice, dissenting.

Because the error complained of in this case is capable of repetition, but is likely to evade judicial review, I must dissent from the majority's decision to dismiss this appeal as moot. *Collins v. Lombard*

---

[1] We may consider an issue if the error complained of is capable of repetition, yet would likely evade judicial review. *Collins v. Lombard Corp.*, 270 Ga. at 121. While it is possible that Seymour and others could, in the future, attempt to operate a haunted house or similar special event in a residential area of Comer, such occurrence would not necessarily evade judicial review. Id. at 121-122.

*Corp.*, 270 Ga. 120, 121 (508 SE2d 653) (1998) (where "the error is capable of repetition and yet evades review, the appeal *will* be considered") (citation and punctuation omitted; emphasis supplied).

Here, the trial court denied the City injunctive relief that would have prevented Seymour from conducting his October 2007 haunted house without a permit. Halloween occurs every year, and if Seymour decides to have another haunted house at the same location as his 2007 haunted house, any attempt by the City to enjoin Seymour's efforts would be barred by res judicata or collateral estoppel in light of the trial court's prior ruling on the merits of this same issue between these same parties. See, e.g., *Waldroup v. Greene County Hosp. Auth.*, 265 Ga. 864, 865-866 (1) (463 SE2d 5) (1995) ("[r]es judicata prevents a plaintiff from instituting a second complaint against a defendant on a claim that has already been brought, after having previously been adjudged not to be entitled to the recovery sought on that claim") (footnote omitted); *Norris v. Atlanta & West Point R. Co.*, 254 Ga. 684, 685 (333 SE2d 835) (1985) (collateral estoppel "precludes readjudication of an issue already adjudicated between the parties or their privies in a prior action") (citation omitted). Assuming without deciding that the trial court erred in denying the City injunctive relief in the first instance, Seymour would nevertheless be allowed to conduct his haunted house every year at the same location without the City having any recourse. This would be true even if the City had a potentially meritorious legal argument for enjoining the haunted house activities that were occurring without a City permit. OCGA §§ 9-12-40 and 9-12-42. Therefore, dismissal is inappropriate in this case, as it will serve only to ensure that the underlying issues in this case may recur in perpetuity while constantly evading substantive judicial review. I therefore respectfully dissent from the majority's decision to dismiss this appeal as moot.

I am authorized to state that Justice Carley joins in this dissent.

DECIDED MAY 19, 2008.

*Victor Y. Johnson*, for appellant.
*Barry L. Fitzpatrick, Fortson, Bentley & Griffin, Jeffrey W. DeLoach*, for appellee.