A10A2001. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. et al. v. SAMUEL et al.
(707 SE2d 154)

MILLER, Presiding Judge.

Mortgage Electronic Registration Systems, Inc., as nominee for Flagstar Bank, and Flagstar Bank ("Appellants") filed an action for reformation of a security deed, declaratory judgment, and equitable relief against its debtor, Leroy Samuel, and May Gordon. Appellants alleged, inter alia, that the property described in the security deed was vague and ambiguous, and that Gordon held a 2.065-acre parcel subject to its lien. Gordon answered, denying the allegations, and counterclaimed, seeking a declaratory judgment that her parcel ("Gordon parcel") was not subject to Appellants' lien. Samuel did not file an answer. Appellants voluntarily dismissed their complaint without prejudice, but the case proceeded on Gordon's counterclaim. After a bench trial, the trial court granted judgment in favor of Gordon, finding that the property described in the security deed was ambiguous with respect to the Gordon parcel, and not subject to the security deed. Appellants appeal, contending that the trial court erred in finding (i) that Gordon was a bona fide purchaser for value without notice and (ii) that the Gordon parcel was not subject to the security deed. For the reasons set forth below, this appeal is dismissed as moot.

"A trial court's factual findings in a nonjury trial shall not be set aside unless clearly erroneous." *Claxton Enterprises v. Evans County Bd. of Commrs.*, 249 Ga. App. 870 (549 SE2d 830) (2001). On appeal, we will not disturb the trial court's findings of fact if there is any evidence to support them. Id.

So viewed, the evidence shows that in 2004, Samuel purchased property in Clayton County from Carl P. and David W. Michel. To finance the purchase, Samuel executed a promissory note in favor of Century Funding, Ltd. in the amount of $333,700. In conjunction with the note, Samuel executed a security deed in favor of Mortgage Electronic, as nominee for Century Funding. The promissory note and the security deed were subsequently transferred to Flagstar Bank. The security deed lists an address of 14360 Woolsey Road and describes the property by reference to the legal descriptions in Exhibits A and C. Exhibit A describes a ten-acre parcel "less and except an improved 2.065 acres parcel of land called Exhibit C." Exhibit C describes a 2.065-acre parcel.

In 2004, Samuel conveyed the 2.065-acre parcel to Gordon by warranty deed. It is undisputed that Gordon did not obtain a title examination or use an attorney to handle the purchase. Samuel later defaulted on the note by failing to make the required monthly payments. This lawsuit followed.

On December 29, 2010, Gordon filed a motion to dismiss the instant appeal showing that in September 2010, Appellants sent Gordon a notice of foreclosure sale as to the ten-acre parcel described in Exhibit A, which excluded the Gordon parcel.[1] Thereafter, Flagstar Bank conducted a foreclosure sale and purchased the ten-acre parcel of property, less and except the Gordon parcel, for $418,919.91. Flagstar Bank, in turn, conveyed the ten-acre parcel, less and except the Gordon parcel, to Federal Home Loan and Mortgage Corporation. Appellants have not filed a response to the motion to dismiss appeal. Thus, we find the foregoing facts to be undisputed. See *Ring v. Williams*, 192 Ga. App. 329, 330 (1) (384 SE2d 914) (1989).

By taking actions inconsistent with their position on appeal, Appellants have acquiesced in the final order and judgment of the trial court. See *Claxton*, supra, 249 Ga. App. at 872-873 (1) ("As a general rule, any voluntary act by a party, with knowledge of the facts, by which he expressly or impliedly recognizes the validity and correctness of a judgment against him, will operate as a waiver of his right to bring action to reverse it, as where he . . . takes a position inconsistent with his right of review.") (citations and punctuation omitted).

Thus, the issue of whether the Gordon parcel is subject to Appellants' lien is now moot (OCGA § 5-6-48 (b) (3)), and any

---

[1] Appellants alleged in their complaint that Flagstar Bank was prevented from foreclosing on its interest under the power of sale contained in the security deed due to the vague property description described therein.

resolution of the issue would "amount to the determination of an abstract question not arising upon existing facts or rights[.]" *City of Comer v. Seymour*, 283 Ga. 536, 537 (661 SE2d 539) (2008). Accordingly, this appeal is hereby dismissed.

*Appeal dismissed. Phipps, P. J., and McFadden, J., concur.*

DECIDED MARCH 7, 2011.

*Heyman & Sizemore, William B. Brown, Jacqueline Marcucci, Andrew B. Goldberger*, for appellants.

*Joe H. Bynum, Jr.*, for appellees.

