**SECOND DIVISION
BARNES, P. J.,
MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**August 30, 2013**

# In the Court of Appeals of Georgia

A13A1033. AMERICAN PROFESSIONAL RISK SERVICES, INC. et. al. v. GOTHAM INSURANCE COMPANY.

MILLER, Judge.

American Professional Risk Services, Inc. and several of its employees (hereinafter collectively "AmPro") filed suit in Fulton County against Gotham Insurance Company, Superior Roofing Company of Georgia, Inc., Atlas Group Enterprises, Inc. and Ron Herring for breach of contract, statutory and common law bad faith damages and declaratory judgment. In its suit, AmPro sought a determination that Gotham had a duty to defend AmPro in two underlying lawsuits arising from AmPro's role as administrator of the Roofing and Sheet Metal Contractors Association of Georgia Workers Compensation Trust Fund (the "Trust Fund"). The superior court subsequently dismissed the underlying lawsuits, and,

finding that there was no longer any reason to determine whether Gotham had a duty to indemnify and defend AmPro in the underlying lawsuits, then dismissed this action against Gotham sua sponte. AmPro appeals, contending that the trial court erred in dismissing the complaint as moot, and the trial court erred in failing to rule that Gotham had a duty to defend and indemnify AmPro. For the reasons that follow, we vacate and remand.

"We review the trial court's ruling on a motion to dismiss under the de novo standard of review." (Citations and punctuation omitted.) *Durrah v. State Farm Fire & Cas. Co.*, 312 Ga. App. 49 (717 SE2d 554) (2011).

So viewed, the record shows that Gotham issued a professional liability insurance policy (hereinafter the "Policy") to AmPro effective for one year beginning June 30, 2010. The Policy provided claims-made coverage for AmPro's professional services as a third-party administrator for workers' compensation benefit plans. The policy excluded coverage for claims or claim expenses based upon, due to or involving directly or indirectly, the insolvency or receivership of any self-funded or partially self-funded benefit plan.

On February 9, 2011, Superior Roofing and Herring brought suit in Fulton County against AmPro alleging breach of contract, negligence and negligent

misrepresentation arising from AmPro's administration of the Trust Fund. That same day Atlas brought suit against AmPro in Fulton County raising identical claims. Less than one month later, the Superior Court of Fulton County placed the Trust Fund, whose members consisted of various roofing contractors including Superior Roofing and Atlas, under permanent receivership.[1]

AmPro provided timely notice to Gotham of the claims made in the Superior Roofing and Atlas complaints (the "underlying suits"). Thereafter, Gotham sent a coverage denial letter notifying AmPro that, based on the exclusion for insolvent self-funded benefit plans, there was no coverage under the Policy for the claims alleged in the underlying suits.

AmPro responded to Gotham's coverage denial, contending that Gotham had a duty under Georgia law to defend the underlying suits. AmPro further contended that some of the underlying claims did not fit into the exclusion because those claims were not based upon or did not involve the insolvency of the Trust Fund. As a result of Gotham's denial of coverage, AmPro was forced to obtain attorneys to defend the underlying suits at its own expense.

---

[1] See *State of Georgia, Ex. Rel., Ralph T. Hudgens, Commissioner v. Roofing and Sheet Metal Contractors Association of Georgia Workers' Compensation Trust Fund*, Civil Action No. 2011-OCGA §-19722.

AmPro subsequently filed this action against Gotham. Atlas and Superior Roofing moved to dismiss AmPro's complaint for improper venue and on the ground that there was no controversy ripe for declaratory judgment. AmPro and Gotham filed cross-motions for summary judgment on Gotham's duty to defend.

On September 18, 2012, the superior court entered a final order dismissing the underlying suits on the ground that the Insurance Commissioner, as permanent receiver of the Trust Fund, had exclusive standing to pursue the underlying claims. Thereafter, the superior court entered a final order dismissing this action sua sponte, on the ground that it was moot because there was no longer any reason to determine whether Gotham had a duty to indemnity and defend AmPro in the underlying suits given that they had been dismissed.

Superior Roofing appealed the dismissal of its underlying suit to this Court. See *Superior Roofing Co. of Ga. v. Am. Prof'l Risk Servs.*, __ Ga. App. __, 2013 Ga. App. LEXIS 486 (June 12, 2013). This Court reversed the dismissal of Superior Roofing's suit against AmPro, holding that the Insurance Commissioner, as the receiver of the Trust Fund, has exclusive authority to prosecute legal claims that are common to the Trust Fund, but the plaintiffs are not prohibited from pursuing their personal claims. See id. Accordingly, this Court returned the case to the superior

4

court for a determination of which of the underlying claims are personal or common to the Trust Fund. See id.

AmPro contends that the superior court erred in dismissing its complaint as moot and in failing to determine whether Gotham had a duty to defend and indemnify AmPro. We agree.

"A case is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights[.]" (Citation and punctuation omitted.) *Scarbrough Group v. Worley*, 290 Ga. 234, 236 (719 SE2d 430) (2011). AmPro's claims are no longer moot in light of this Court's reversal of the dismissal in the Superior Roofing case. See *Tampa Inv. Group, Inc. v. Branch Banking & Trust Co.*, 290 Ga. 724, 729 (2) (723 SE2d 674) (2012) (holding that issue of whether guaranties sufficiently identified limited liability company as debtor on promissory notes was no longer moot in light of reversal); *Provident Bank v. Morequity, Inc.*, 262 Ga. App. 331, 334 (2) (585 SE2d 625) (2003) (holding that defendant's cross-claim was no longer moot in light of reversal of grant of summary judgment to defendant). This case is now ripe for adjudication by the superior court. Accordingly, we vacate the superior court's dismissal of this case and remand for further proceedings consistent with this Court's opinion in the Superior Roofing case.

*Judgment vacated and remanded. Barnes, P. J., and Ray, J., concur.*