**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS***
***COURT. ALL FILINGS MUST BE SUBMITTED WITHIN***
***THE TIMES SET BY OUR COURT RULES.***

**May 20, 2021**

# In the Court of Appeals of Georgia

A21A0126. HILLCREST FOODS, INC. v. MIKEALS.

MARKLE, Judge.

Hillcrest Foods, Inc. appeals from the trial court's denial of its petition to stay arbitration or, in the alternative, to consolidate the arbitration proceedings arising from its dispute with Brian E. Mikeals. Because we conclude this issue is moot, we lack jurisdiction and must dismiss this appeal.

The underlying facts of this case are as follows: Hillcrest was the owner and operator of a Waffle House franchise restaurant where Mikeals worked until October 2015. As a condition of his employment, Mikeals was required to sign an arbitration agreement, indicating that any disputes between the parties would be submitted to arbitration.

In October 2015, the restaurant was re-purchased by Waffle House, and Mikeals's employment with Hillcrest ended; he was then hired directly by Waffle House. Mikeals was required to complete another arbitration agreement, which was identical to the previous agreement he signed while employed by Hillcrest.

During their shift on December 23, 2015, a co-worker placed an illegal substance in Mikeals's drink, causing him to suffer severe injuries. Months later, in May 2016, Mikeals filed suit against Waffle House, asserting claims for negligent hiring, supervision, retention and training.[1] The dispute between Mikeals and Waffle House was ordered to arbitration.[2]

Approximately three years after Mikeals was injured, and while the arbitration between Mikeals and Waffle House was pending, Mikeals's counsel notified Hillcrest of his potential claims against Hillcrest and his intent to demand arbitration. Hillcrest objected to arbitration, contending that Mikeals's personal injury claims against it

---

[1] Hillcrest was not named as a party in that suit.

[2] In January 2017, the co-worker pled guilty to aggravated battery, distribution of methamphetamine, and illegal possession of a controlled substance. The statute of limitations on the suit was tolled during her prosecution. See OCGA § 9-3-99.

2

were time-barred by the statute of limitations under OCGA § 9-9-5 (a)[3] and, therefore, the American Arbitration Association (AAA) lacked jurisdiction. An arbitrator appointed to consider Hillcrests's objections to arbitration found that Mikeals's claims against Hillcrest were timely and denied Hillcrest's objection. Thereafter, Mikeals initiated this arbitration action against Hillcrest, asserting the same negligent hiring, supervision, retention and training claims as asserted against Waffle House.

In October 2019, Hillcrest filed its petition to stay arbitration or, in the alternative, to consolidate arbitration proceedings with the Waffle House proceeding. The trial court denied Hillcrest's petition, finding that (1) Hillcrest waived any right to seek a stay of arbitration from the trial court by submitting to arbitration proceedings; (2) the arbitrator already found the claims to be timely; and (3) consolidation of the two proceedings was not permitted under the AAA rules,

---

[3] Pursuant to OCGA § 9-9-5 (a),
[i]f a claim sought to be arbitrated would be barred by limitation of time had the claim sought to be arbitrated been asserted in court, a party may apply to the court to stay arbitration or to vacate the award, as provided in this part. The court has discretion in deciding whether to apply the bar. A party waives the right to raise limitation of time as a bar to arbitration in an application to stay arbitration by that party's participation in the arbitration.

which governed the dispute according to the terms of the arbitration agreement. The trial court thus dismissed the case. Notably, the parties entered arbitration in 2020 and the arbitrator issued a final award in December 2020. Hillcrest now appeals.

In its appellate brief, Hillcrest concedes that the arbitration hearing has occurred. Mikeals moved to dismiss Hillcrest's appeal on the ground that the only two forms of relief that Hillcrest requested on appeal, reversal of the trial court's denial of its petition to stay arbitration and to consolidate the arbitration proceedings, were now moot, as the arbitration had already been completed and a final award issued.

In response, Hillcrest argues this appeal is not moot because: the arbitrator's award has not yet been confirmed; vacating the arbitration award prevents Mikeals from recovering on time-barred claims; reversal of the trial court's order renders the arbitration proceedings a nullity; and dismissing the appeal as moot amounts to res judicata. These contentions are meritless.

Mootness "is an issue of jurisdiction and must be determined before a court addresses the merits of a claim." *Sweet City Landfill, LLC v. Elbert County*, 347 Ga. App. 311, 318 (4) (818 SE2d 93) (2018); see also *In the Interest of M. F.*, 305 Ga. 820 (828 SE2d 350) (2019). Pursuant to OCGA § 5-6-48 (b) (3), "[n]o appeal shall

4

be dismissed or its validity affected for any cause nor shall consideration of any enumerated error be refused, except . . . [w]here the questions presented have become moot." "A case is moot when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights. When the act that is the subject of [the requested] relief is completed, then the matter is moot and no longer subject to appeal." (Citations and punctuation omitted.) *City of Comer v. Seymour*, 283 Ga. 536, 537 (661 SE2d 539) (2008); see also *Collins v. Lombard Corp.*, 270 Ga. 120, 121 (1) (508 SE2d 653) (1998). When an appeal is moot, we must dismiss it. *Mgt. Electronic Registration Systems, Inc. v. Samuel*, 308 Ga. App. 237, 239 (707 SE2d 154) (2011).

Here, Hillcrest sought a stay of arbitration or the consolidation of the two arbitration proceedings, and its petition was denied. Rather, arbitration proceeded to a conclusion. Accordingly, any ruling this Court would make regarding the trial court's denial of the relief Hillcrest sought "would be an abstract exercise unrelated to any existing facts." *Seymour*, 283 Ga. at 537; see also *Samuel*, 308 Ga. App. at 239. And because the relief Hillcrest seeks in this appeal is now moot, we lack

jurisdiction, and we must dismiss this appeal.[4] OCGA § 5-6-48 (b) (3) (dismissal is warranted where the questions presented on appeal have become moot); *Seymour*, 283 Ga. at 537.

To the extent Hillcrest argues that this Court should vacate the arbitration award, we are not persuaded. Requesting this Court to vacate the arbitration award is *new* relief for which this Court also lacks jurisdiction in this appeal. As we have held,

> [i]t is well settled that issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken. Nor may [a plaintiff] alter the course of its arguments mid-stream, raising issues on appeal that were not raised before the trial court.

(Citation omitted.) *American Academy of Gen. Physicians, Inc. v. LaPlante*, 340 Ga. App. 527, 529 (1) (798 SE2d 64) (2017); see also *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 829 (2) (573 SE2d 389) (2002).

---

[4] Notably, Hillcrest admits that, although it objected to arbitration, it participated in the proceedings notwithstanding this pending appeal. The notice of appeal acted as supersedeas, and thus Hillcrest should have refused to participate in the arbitration. See *12052 Assoc. v. W. C. Carson, Inc.*, 202 Ga. App. 731 (415 SE2d 298) (1992). However, because Hillcrest proceeded to arbitration after filing its notice of appeal, it has rendered the appeal from the trial court's order moot. Id.

As the award has yet to be confirmed by the trial court, it would be premature for this Court to vacate the award. Hillcrest asserts that it intends to challenge Mikeals's petition to confirm the arbitration award; therefore, the issues Hillcrest raises here on appeal could be raised in the trial court in opposition to Mikeals's confirmation petition. Accordingly, we lack jurisdiction to do address them at this time.

We are further unpersuaded by Hillcrest's contention that, if we dismiss the current appeal as moot, Mikeals could later argue the relief Hillcrest seeks on appeal under OCGA § 9-9-5 (a) would be precluded by res judicata. Mootness does not operate as an adjudication on the merits. See *Mountain Orthopedics & Sports Medicine, P. C. v. Williams*, 284 Ga. App. 885, 887 (644 SE2d 868) (2007) ("The existence of an actual controversy is fundamental to a decision on the merits by this court.") (citation omitted); OCGA § 9-12-40.[5] Where the Court lacks jurisdiction to rule on the appeal due to mootness, dismissal therefrom does not operate as an adjudication on the merits, *Seymour*, 283 Ga. at 537; *Williams*, 284 Ga. App. at 887,

---

[5] Under OCGA § 9-12-40, "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside."

and Hillcrest retains the ability to raise these issues in its opposition to Mikeals's

petition to confirm the arbitration award.[6]

Accordingly, this appeal is dismissed.

*Appeal dismissed. Barnes, P. J., and Gobeil, J., concur.*

---

[6] We are likewise unpersuaded by Hillcrest's argument that the issues raised here on appeal fall under an exception to the mootness doctrine, as illustrated in *Collins v. Lombard Corp.*, 270 Ga. 120 (508 SE2d 653) (1998), because the "harm is capable of repetition yet evading review as moot." See *Collins*, 270 Ga. at 121 (1). Since Hillcrest can raise these issues in its opposition to Mikeals's confirmation petition, they would not necessarily evade review.