**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 16, 2022**

# In the Court of Appeals of Georgia

A22A0287. CARDINALE v. STATE OF GEORGIA.

MARKLE, Judge.

Matthew Charles Cardinale filed a pro se complaint for declaratory and injunctive relief, alleging that Governor Kemp's April 2020 shelter-in-place order violated his rights to free speech and protest under the federal and state constitutions. The trial court dismissed the complaint, finding that the claims were moot because the order had expired; Cardinale lacked standing because he had no injury in fact; the request for declaratory relief was barred by sovereign immunity; and there was no waiver of immunity for injunctive relief. Cardinale now appeals, challenging each ground. For the reasons that follow, we affirm.

> We review the grant of any motion to dismiss de novo, and a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief

under any state of provable facts asserted in support thereof. We construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor.

(Citations and punctuation omitted.) *Harrell v. City of Griffin*, 346 Ga. App. 635, 636 (816 SE2d 738) (2018); see also *American Professional Risk Svcs. v. Gotham Ins. Co.*, 323 Ga. App. 776 (748 SE2d 134) (2013) (reviewing question of mootness de novo).

So viewed, the record shows that Cardinale is the owner of a newspaper and is well-known for protesting and filing suit against the government. In April 2020, in response to the COVID pandemic, Governor Kemp issued a series of emergency orders, including a state-wide order to shelter in place that prohibited individuals from gathering in public. See State of Georgia Executive Order, 4.02.20.01. Although other emergency orders remained effective throughout 2020 and into 2021, the shelter-in-place order was extended once before expiring by its own terms on April 30, 2020. See State of Georgia Executive Order 4.08.20.02.

In December 2020, Cardinale filed the instant complaint, seeking declaratory and injunctive relief, and alleging that the shelter-in-place order violated his First Amendment rights under both the Georgia and federal constitutions because the order

contained no exception for the exercise of such freedoms.[1] Specifically, Cardinale alleged that the shelter-in-place orders chilled his right to protest government actions, including a planned protest at Atlanta City Hall, and placed him at risk of penalties if he violated the order. He contended that an injunction was necessary due to the likelihood that the governor would impose additional such orders in the future given the ongoing pandemic.

The State moved to dismiss the complaint on the grounds that (1) the claims were moot; (2) Cardinale lacked standing; and (3) the claims were barred by sovereign immunity. Cardinale responded, arguing that the case was not moot, or it fit into an exception because it was capable of repetition yet would evade review; the chilling effect of the order was a judicially recognized injury for standing purposes; and the State had waived its immunity.

The trial court dismissed the complaint, finding the issues moot and that the likelihood of future shelter-in-place orders was too speculative. The trial court further found that Cardinale had not alleged an injury in fact; there was no actual controversy

---

[1] Cardinale also filed two other complaints challenging the emergency orders. He voluntarily withdrew the first suit, and the second one has since been dismissed. See *Cardinale v. State of Ga.*, 2020-CV-335449 (Fulton Sup. Ct. 2020); *Cardinale v. Kemp*, 2020-CV-337626 (Fulton Sup. Ct. 2021). Those cases are not part of this appeal.

before the court as would be required for a declaratory judgment; and, because there was no declaratory judgment, there was no waiver of immunity for injunctive relief. Cardinale now appeals.[2]

1. Cardinale first argues that the trial court erred in concluding that his claim alleging a violation of the Georgia Constitution was moot because (1) the injury was capable of repetition yet evading review; and (2) it fell under the public interest exception. As to the first exception, he notes that there was a short period of time in which to challenge the order; it is likely that the governor will issue other shelter-in-place orders; and the language in the order provided no exception for access to the courts. As to the second exception, Cardinale argues that the matter is of such great concern to the general public that an exception to the mootness doctrine lies. We are not convinced.

Mootness "is an issue of jurisdiction and must be determined before a court addresses the merits of a claim." *Sweet City Landfill v. Elbert County*, 347 Ga. App. 311, 318 (4) (818 SE2d 93) (2018); see also *In the Interest of M. F.*, 305 Ga. 820 (828 SE2d 350) (2019). "A case is moot when its resolution would amount to the

_____

[2] Cardinale initially filed his appeal in the Supreme Court of Georgia, which transferred the case to this Court.

determination of an abstract question not arising upon existing facts or rights. When the act that is the subject of [the requested] relief is completed, then the matter is moot and no longer subject to appeal." (Citations and punctuation omitted.) *City of Comer v. Seymour*, 283 Ga. 536, 537 (661 SE2d 539) (2008); see also *Collins v. Lombard Corp.*, 270 Ga. 120, 121 (1) (508 SE2d 653) (1998).

Here, the shelter-in-place order expired by its own terms less than a month after it went into effect. Cardinale filed his complaint more than six months later. Because the order had already expired, his challenge to the order was moot. *Seymour*, 283 Ga. at 537; see also *AJC Gwinnett News v. Corbin*, 279 Ga. 842, 843 (621 SE2d 753) (2005) (order of nondisclosure preventing parties from speaking to the media about possible criminal charges was moot once order was dissolved).

Other courts that have considered challenges to similar orders during the pandemic also have held that they are moot once the order expires.[3] See *Krach v. Holcomb*, No. 1:20-CV-184-HAB, 2020WL2197855, at *2 (N.D. Ind. 2020) ("Challenges to executive orders that have expired by their own terms no longer

---

[3] Cardinale relies on a district court decision from Pennsylvania. But, on appeal, the Third Circuit concluded that the claims were moot, and it vacated and remanded the case with instructions to dismiss the complaint. See *County of Butler v. Wolf*, 486 FSupp.3d 883 (W.D. Pa. 2020), vacated and remanded by *County of Butler v. Governor of Pa.*, 8 F4th 226, 232 (III) (3d Cir. 2021).

present a live case or controversy.") (citations and punctuation omitted); see also

*Burke v. Barnes*, 479 U. S. 361, 363-364 (107 SCt 734, 93 LE2d 732) (1987) (holding

"that any issues concerning whether [a bill] became a law were mooted when [it]

expired by its own terms"); *Spell v. Edwards*, 962 F3d 175, 179 (II) (5th Cir. 2020);

*Trump v. Hawaii*, 138 SCt 377 (199LE2d 275) (2017); *Trump v. Intl. Refugee

Assistance*, 138 SCt 353 (199 LE2d 203) (2017). We agree with this reasoning and

thus conclude that the issue Cardinale presents is no longer a live controversy.

Cardinale, however, contends that the case is not moot because it is either

capable of repetition yet evading review, or that it is of such public interest that it

requires consideration on the merits. We address each in turn.

(a) *Capable of repetition yet evading review*.

"[A] case which contains an issue that is capable of repetition yet evades

review is not moot because a decision in such a case would be based on existing facts

or rights which affect, if not the immediate parties, an existing class of sufferers."

(Citation and punctuation omitted.) *Collins*, 270 Ga. at 122 (1). In considering

whether an issue fits within this type of case, we must view "mootness" narrowly,

recognizing that there are some issues for which there is "intrinsically insufficient

time to obtain judicial relief for a claim common to an existing class of sufferers"

6

such that there remains a live controversy. (Citation and punctuation omitted.) Id. at 121-122; see also *Ga. High School Assn. v. Charlton County School Dist.*, 349 Ga. App. 309, 314 (1) (826 SE2d 172) (2019). In such cases, there would continue to be a live controversy even if it no longer existed between the specific parties to the suit. *Collins*, 270 Ga. at 122 (1).

Narrowly construing the mootness doctrine here, we cannot say that there continues to be a live controversy, because Cardinale has not shown that the alleged error is capable of repetition but will evade judicial review. See *Kappers v. DeKalb County Bd. of Health*, 214 Ga. App. 117, 118 (446 SE2d 794) (1994) (once Board lifted order confining tuberculosis patient to home, challenge to Board's order was moot); compare *Citizens for Ethical Govt. v. Gwinnett Place Assoc.*, 260 Ga. 245 (1) (392 SE2d 8) (1990) (denial of injunctive relief was not moot in suit involving a party collecting signatures for recall of elected official because short length of time in which to collect signatures made it capable of repetition yet evading review).

We note that Cardinale did not file his complaint during the effective dates of the challenged order, nor did he file it soon after the order expired. Instead, he waited more than six months to file his complaint, and during that time, the governor did not impose any other shelter-in-place orders. Cardinale's argument that such an order is

7

likely to issue again is pure speculation. See *Maxim Caberet v. City of Sandy Springs*, 304 Ga. 187, 189-190 (II) (816 SE2d 31) (2018) (challenges to ordinance were moot once ordinance had been amended, and plaintiff had not shown likelihood that prior ordinance would be re-enacted and enforced); *In the Interest of I. B.*, 219 Ga. App. 268, 276 (464 SE2d 865) (1995) (physical precedent only) (claim that was purely speculative did not meet capable of repetition yet evading review standard). In fact, although Cardinale contends that the existing pandemic will continue and will likely result in future shelter-in-place orders, we note that the governor has not re-instituted such emergency measures.[4] We will not find jurisdiction simply "to consider basic legal questions even though plaintiff might derive some benefit in future litigation from a favorable adjudication of the question." (Citation and punctuation omitted.) *Dean v. City of Jesup*, 249 Ga. App. 623, 624 (2) (549 SE2d 466) (2001).

(b) *Public interest*.

---

[4] To the extent that Cardinale claims that the shelter-in-place order prevented him from accessing the court, we note that courts have e-filing measures in place, and that the shelter-in-place order did not prevent the filing of any lawsuit. See georgiacourts.gov/efile-court-records (last visited April 4, 2022); see also Order Declaring Statewide Judicial Emergency (dated March 14, 2020); Order Extending Declaration of Statewide Judicial Emergency (dated April 6, 2020).

Cardinale did not argue this exception before the trial court and thus has waived it. *Hillcrest Foods v. Mikeals*, 359 Ga. App. 529, 532 (859 SE2d 510) (2021); see also *Pneumo Abex v. Long*, 357 Ga. App. 17, 29 (2) (849 SE2d 746) (2020) ("As we have repeatedly explained, this is a Court for the correction of errors of law, and if the trial court has not ruled on an issue, we will not address it.") (citations and punctuation omitted).

Accordingly, because the order has expired, and Cardinale has not shown that there continues to be a live controversy over which we may exercise our jurisdiction, we conclude that the trial court properly found Cardinale's state constitutional challenge to the shelter-in-place order to be moot.

2. Cardinale further argues that the shelter-in-place order violated his rights under the U. S. Constitution, and this claim was not moot because the order was capable of repetition yet evading review. He draws an analogy to cases involving "episodic pollution," pregnancy, or election disputes. In so doing, he asserts that the trial court failed to consider and apply federal law mootness standards for purposes

of his federal claims. We conclude, however, that the same mootness infirmity exists for Cardinale's federal claims.[5]

> The doctrine of mootness derives directly from the Article III case-or-controversy limitation because an action that is moot cannot be characterized as an active case or controversy. A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed. There is an exception to the mootness doctrine for cases that are capable of repetition, yet evading review. In the absence of a class action, the capable of repetition, yet evading review doctrine is limited to the situation where two elements combine: (1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again. The remote possibility that an event might recur is not enough to overcome mootness, and even a likely recurrence is insufficient if there would be ample opportunity for review at that time.

---

[5] Contrary to Cardinale's claim, we find no error in the trial court's order simply because it does not set out the applicable law for federal claims raised in state court. As discussed in this opinion, Cardinale's claims are moot under both state and federal precedent. Additionally, and again contrary to Cardinale's argument, because mootness implicates the court's jurisdiction, we are not limited to accepting as true the pleadings as set forth in the complaint. See *Kappers*, 214 Ga. App. at 118 ("An appellate court has a right to hear and consider evidence outside of the record as transmitted from the court below that an appeal is moot.")

(Citations and punctuation omitted.) *Hall v. Secretary, State of Alabama*, 902 F3d 1294, 1297 (I) (11th Cir. 2018).

As already discussed, Cardinale has offered nothing but pure speculation that there will be another shelter-in-place order. This is insufficient to invoke the federal exception to mootness. See *Ga. Advocacy Office v. Jackson*, 4 F4th 1200, 1215-1216 (II) (C) (11th Cir. 2021) (appeal from injunction moot when it expired by operation of law). Accordingly, the trial court properly found that Cardinale's federal constitutional claims were also moot.

3. Cardinale also challenges the trial court's dismissal of his complaint on standing and sovereign immunity grounds. Because we conclude that his claims were moot, we do not reach these arguments.

*Judgment affirmed. Dillard, P. J., and Mercier, J., concur*.