**FIFTH DIVISION
MERCIER, C. J.,
MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 22, 2024**

# In the Court of Appeals of Georgia

A24A0699. BARNES et al. v. TILLERY.

RICKMAN, Judge.

In this voidable-transaction case, Lisa Barnes, Stewart Barnes, Benjamin Barnes, and Kaitlyn Barnes (collectively, "the Appellants") appeal from the superior court's order in favor of Christopher Tillery. On appeal, the Appellants contend, inter alia, that the superior court erred in denying a motion to dismiss. For the following reasons, we reverse and remand the case with instructions to dismiss Tillery's complaint.

"We review the trial court's ruling on a motion to dismiss under the de novo standard of review." *American Professional Risk Svcs. v. Gotham Ins. Co.*, 323 Ga. App. 776, 777 (748 SE2d 134) (2013).

The record shows that on August 11, 2018, Lisa Barnes executed a quitclaim deed conveying any interest she had or may have had in certain real property to Stewart Barnes, Benjamin Barnes, and Kaitlyn Barnes. The quitclaim deed was recorded on August 13, 2018.

On March 17, 2020, in a case brought by Tillery against Lisa Barnes, the superior court entered an order affirming an arbitration award in Tillery's favor against Lisa Barnes and entering judgment for Tillery.

On September 22, 2022, Tillery filed a complaint under OCGA § 18-2-75 (a) against the Appellants seeking to have the quitclaim deed dated August 11, 2018, declared void. Stewart Barnes and Benjamin Barnes filed a motion to dismiss, contending that Tillery's complaint should be dismissed because it was not filed within four years of the transfer as required by OCGA § 18-2-79 (2). After a hearing, the superior court denied the motion to dismiss, finding that Tillery's complaint was timely filed.

Subsequently, following a final hearing, the superior court issued an order declaring that the transfer of the real property at issue was void as being in violation of OCGA § 18-2-75 (a).

This appeal followed.

1. On appeal, the Appellants contend, inter alia, that the superior court erred in denying the motion to dismiss filed by Stewart Barnes and Benjamin Barnes. Specifically, the Appellants argue that Tillery's cause of action brought under OCGA § 18-2-75 (a) was extinguished because it was not brought within four years after the transfer was made. We agree.

OCGA § 18-2-75 (a), which is part of the Uniform Voidable Transactions Act, provides as follows:

> A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

A cause of action brought under OCGA § 18-2-75 (a) is extinguished unless it is brought "within four years after the transfer was made or the obligation was incurred[.]" OCGA § 18-2-79 (2).

Here, Tillery filed a complaint under OCGA § 18-2-75 (a) seeking to have the quitclaim deed dated August 11, 2018, declared void. Tillery filed his complaint on

September 22, 2022. The superior court concluded that Tillery's complaint was timely because it "relates to an obligation arising within four (4) years of the Court's entry of the March 17, 2020, Order enforcing the arbitration award." On appeal, Tillery argues that his complaint was timely because it was filed within four years of March 17, 2020, which he contends is the date the obligation was incurred. In his complaint, however, Tillery sought to have a transfer made by Lisa Barnes — not an obligation incurred by her — declared void. And Tillery filed his complaint more than four years after the transfer was made. Consequently, Tillery's cause of action was extinguished under OCGA § 18-2-79 (2) before he filed his complaint, and the superior court erred by denying the motion to dismiss filed by Stewart Barnes and Benjamin Barnes. Because we find that the superior court erred in denying the motion to dismiss, we reverse the superior court's order and remand the case with instructions to dismiss Tillery's complaint. See *King Petro, Inc. v. Ultra Group of Cos.*, 355 Ga. App. 503, 507 (1) (844 SE2d 547) (2020) (reversing trial court's final order and remanding case with instructions to dismiss petition because trial court erred in denying motion to dismiss).

2. Given our conclusion that the superior court erred in denying the motion to dismiss, we need not address the Appellants' other arguments on appeal.

*Judgment reversed and case remanded with direction. Mercier, C. J., and McFadden, P. J., concur.*